NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

RAYMOND BUICK, INC., and Amalgamated Local Union 355, Respondents.

No. 862, Docket 35425.

United States Court of Appeals,
Second Circuit.

Argued June 9, 1971.

Decided June 24, 1971.

Stephen Solomon, Washington, D. C., (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, William Wachter, Atty., National Labor Relations Board, on the brief), for petitioner.

Richard M. Naness, Plainview, N. Y., for respondent Raymond Buick, Inc.

Harold Dublirer, New York City (Dublirer, Haydon & Straci, New York City, on the brief), for respondent Amalgamated Local Union 355.

Before FRIENDLY, Chief Judge, and HAYS and OAKES, Circuit Judges.

PER CURIAM:

The National Labor Relations Board petitions for enforcement of its order requiring respondents Raymond Buick, Inc. and Amalgamated Local Union 355 to cease and desist from unfair labor practices and to take certain affirmative action.

The Board, in agreement with the Trial Examiner, found that the company violated Section 8(a) (2) and (1) of the Act (29 U.S.C. § 158(a) (2) and (1) (1964)) by the organizational activities of Assistant Service Manager Winter on behalf of Local 355, by its recognition of Local 355 and the execution of a contract with it when it did not represent an uncoerced majority of the employees, and by recognizing Local 355 at a time when a real question concerning representation raised by another union existed. The Board further found that the company violated Section 8(a) (2), (3) and (1) of the Act (29 U.S.C. § 158(a) (2), (3) and (1) (1964)) by including

and maintaining a union security clause in the Local 355 contract and found Local 355 in violation of Section 8(b) (1) (A) and (2) (29 U.S.C. § 158(b) (1) (A) and (2) (1964)) for using company assistance to obtain both recognition and a contract and for agreeing to and enforcing the union security clause.

 The issues in the case are purely factual. An issue as to the supervisory status of Winter presents only the question of the extent to which the other employees considered Winter a part of management. The findings of the Board in this respect are supported by substantial evidence.

In reviewing the testimony of employee Anzalone, the Board found that "a decision by the Board in this proceeding should not be based on the testimony of Michael Anzalone where it is not corroborated by other credited testimony." 173 N.L.R.B. No. 199 (1968). Anzalone testified that the employees considered Winter a supervisor. From this, respondents argue that the holding with respect to the supervisory status of Winter cannot stand. We disagree. There was clearly sufficient credited corroborative testimony to support this finding. Several other employees testified to the same effect,[1] and there is other evidence in the record regarding Winter's various functions which establishes his supervisory status.

The remedies imposed by the Board were all fully within its power. The Board ordered reimbursement of those employees who signed cards authorizing deduction of dues and initiation fees under supervisory influence or coercion. All employees who signed subsequent to the execution of the contract are included among those to be reimbursed. Such an order is based on the premise that employees who sign cards after a contract containing a compulsory union membership clause has been executed have been coerced into doing so. Requiring reimbursement in this situation is entirely proper. See NLRB v. Revere Metal Art Co., 280 F.2d 96, 100–101 (2d Cir. 1960).

We therefore enforce the Board's order in its entirety.

---

1. For example, employee Shea testified as follows:

    "Q. Did you observe what Mr. Winter does in the shop? A. He is more or less the shop foreman, you know, write-up man.

    Q. When you say he is more or less the shop foreman, what does he do? A. Well, he more or less runs the shop in John's absence.

    \*     \*     \*     \*     \*

    Q. Now when you say that during Mr. Cifelli's absence, Mr. Winter runs the shop, what do you mean by that? A. Well, he is more or less in charge. He is the man to see if you have any problems."